Hoffman for the defendant.
We contend that on the circumstances as presented by the case, the judge ought to have directed for the defendant, and not for the plaintiff. The facts, indeed, are but limited ; some principles however are involved, which it is of the utmost importance to have decided. For, admitting that the defendant claimed under his father, still we insist the plaintiff, as appears from the case itself, is not entitled to recover. There is no evidence of title whatsoever from the expiration of the lease in 1758. That then, being only for three years, expired in 1761. After ’61, the lease is no evidence of a posessory right in the plaintiff to have the premises, unless subsequent acts of the defendant can be shewn equivalent to an acknowledgment that his title was under the lease. Without resorting to authorities, principles of law will bear out the position. The lessor’s right commenced in .1761. It was incumbent on him then to have entered, or have exacted some acknowledgment, which rendered the entry unnecessary. He was out of possession for 40 years without receipt of rent or profits; if his right did then accrue, and was not pursued, the defendant remaining in quiet possession, the court will not intend he held under the present plaintiffs. For the holding was tortious, against their right. If this be not so, where is the doctrine of the opposite side to carry us i If it be acceded to, atjy one entering under a lease, is forever to be supposed to hold under it; 200 years quiet possession might be shewn, and yet no title acquired. To evince, that when the lease determines, the plaintiff should have entered, Run. on Eject. 60 is fully in point.- “ Nor is a common person affected “ by the statute of limitations, where the possession is in “ the hands of his tenant, who has paid him rent within the *397 <s time of limitation ; for the possession of a lessee for “ for years, is the possession of his lessor, and payment of ir rent is ah acknowledgment of the possession. So that 11 during the continuance of the lease, and payment of rent, the lessor is in no sort of default, for he can not' ‘s enter and take the actual possession till the lease be ez- “ pired ; but then it seems he should, because his right of “ entry then first accrues.” The court will find the same principle recognised in 4 D. & E. 682.* It was there ml-ed, that a man entering under a lease, cannot, pending the term, contradict his lessor’s title, but after the time has expired, he may prove his landlord not entitled, by producing the lease ; in which case, the landlord must shew a better title. The lease, therefore, given in evidence, only shews a right of possession against us till 1761, and no longer. Even for that time, no rent was paid, and it is to be observsd, that the reservation is merely nominal. But the fact really is, that none ever was paid. It is next to be observed, that the jury were not warranted in finding the son took under his father. There is no evidence of this fact. The defendant might have taken as a stranger, and then this lease would have been totally out of the question, because he would have come in as a third person and not affected by it. He was also the youngest, and not the eldest son. The testimony that he did derive title under his father, is hearsay throughout, and therefore the judge ought to have charged, that it was not entitled to any credit. The auctioneer, and some one else, told the witnesses that the defendant had purchased the possession ; but this was not done in his presence, nor is any acknowledgment of the fact substantiated : the declaration was made by a third person, and never assented to. This, surely then, cannot be evidence. On the contrary, the testimony in behalf of the defendant demands a presumption that he held adversely, and so the judge ought to have charged : it ought to have been laid down to the jury, that there was sufficient for them to presume an adverse holding. The principle of this doctrine has been recognized in this court, in Van Dyck v. Van Beuren and Vosburg. That *398 was a case of tenancy in common, and yet there the court J , said, alter 40 years possession by one tenant m common, fne jury ought to have been directed to presume an oustee. If, then, this be law, between tenants in common, a fortiori between others. It is impossible here to presume otherwise, for could it be so, the doctrine would extend ad infinitum, and a lease once shewn, would be an argument for holding under it forever. The inconvenience thi» would lead to, ought to be an argument against it. The plaintiff, therefore, should have shewn, as his lease had expired 40 years ago, a title paramount; for it is possible neither party have a right.
Harrison contra. It has ever been a principle of law, that where a person enters under a title from another, the person so entering never can dispute the right of the original holder. So where the relation of landlord and tenant has subsisted between the parties, though there should be a holding over, the tenant in an action against him cannot contradict the title of the lessor. If this be a mistake, it is so in the very foundations of the law. For the general principles thus stated, and to shew that a lessee cannot dispute the title under which he has entered, the court will find an authority in 2 Black. Rep. 1259.* These positions are not altogether denied by the counsel 1 ° ^ . for the defendant, but they are qualified by saying when . .- , ... , the lease expires, it the party entitled to the possession does not enter, the relation of landlord and tenant is at an end. Surely, however, if the lessee on the expiration df his term continues to possess, by the tacit consent of his landlord, he is tenant at will, or at least from year to year accountable for the value of the rent, when the owner may think proper to demand it, But he may lose his right to the rent, by neglecting to apply for it within 6 .years. On examining the doctrine in Runnington, it will t>e found to apply merely to leases taken by third persons. Where the lessee parts with the land, if he pays rent, still the statute does run. This is not the case of lessor and lessee, but of an assignee of a lessee. So the decision in 4 P, & E, will be seen to hgve settled only thgt
*399 where a person enters under a landlord, it shall be competcnt to shew that the title of the landlord has terruinated, and that the landlord himself held by a lease ’ . . , which has expired.* If this had been so, then it might have been shewn that Fitch himself held only as lessee. _ , . , , r . ,, . But till shewn it cannot be presumed, tor in all cases the presumption of law is that the party under whom the holding is, has a fee.‡ Therefore, unless it be shewn to the 07,7 contrary, it must be taken that Fitch had the fee, and the party continuing in possession held under that fee. Should this be the law, it is asked what becomes of the statute of limitations ? This brings it to the question, whether the statute applies when the possession is not adverse ? The whole of the facts stated by the case, shew no more than a holding by sufferance, and under such circumstances the statute does not apply. For though 100 years may have elapsed without payment of rent or any acknowledgment, it is immaterial if the first entry was by the landlord’s consent, as no tenancy by sufferance, is adverse, and only in adverse cases does the statute of limitations run. In Bishop v. Edwards,§ Bull. N. P. 102. the court will find the whole of these positions laid dawn. As to the reservation of the rent being nominal, the value is immaterial, a pepper corn would he sufficient to create the relation between landlord and tenant. If this be right, the relation did subsist, provided the son entered under the father, as holding by his title. This is a question of fact, and as in all other cases, the jury were at liberty to infer either for, or against. What then are the circumstances here ? The father enters into possession under the lessors of the plaintiff, lives in the house, cultivates the land with his sons, who, in his old age do so likewise, and on his death, continue in the same course. On this is a disseisin to be supposed ? Is it not more reasonable to imagine the sons preserved the tenure, and held as their father had done ? It is said, however, that this could not be, because in such a case the eldest son would have taken. True, had there been a disseisin, because then a fee would have been acquired, But as the
*400 title to the premises was a chattel interest, it past to t^ie personal representative, and therefore, it was properly left to the jury to determine, whether on the facts of the sale by the administrator, the defendant did not enter under his father’s title. To say that the court and jury ought not to presume on facts, when they all lead to one point, would be an outrage to common sense ; it might, perhaps, be thought, that if it was so, notice to quit was necessary. But when the defendant disclaimed to hold under the plaintiff, notice was unnecessary, and therefore an ejectment was brought. Admitting the case of Van Dyck v. Van Beuren and Vosburg, to be as stated, it only shews, there was from the circumstances enough to suppose an ouster, but here the reverse is the fact, and therefore we contend the charge and verdict'were equally right, and a new trial must be refused.
Hoffman in reply. That a jury may infer from circumstances is not disputed ; but then there must be legal evidence of those circumstances before the court. That which was given, was inconclusive ; it rested on hearsay, and ought not to have had any weight with the court. The sale of the premises was merely hearsay, and it is to be observed, that the vendue was of personal estate, as if, land was totally out of the question : the lease is much relied on, expired in ¡761. Had we then disavowed holding un~ • tier the lessor of the plaintiff", the statute would have run. Can there be a stronger disavowal, than taking to ourselves the rents and profits for forty years ? After thirty years the law will intend an adverse possession. It is not reasonable that a proprietor should permit a person to go on for forty years, improving, and then set up an old dormant lease, after lying by so long. The jury ought to have been directed to presume an adverse holding, for the instant we are called upon, we assert our own right, and deny that of the lessor. On the grounds contended for by the plaintiff, had the lease been dated on the day of first taking possession of this country by the British, it would have been equally efficacious. The interests of the community require a different doctrine; if, for no other reason, the plaintiff ought t©
*401 shew a title beyond the lease. Improvements have been made, and his connected with a forty years exclusive enjoyment of rents and profits, ought to have induced from the judge, a charge to the jury, that an adverse possession was a presumption of law, and on which they ought to
Per curiam delivered by Livingston, J. This is a motion for a new trial for misdirection of the judge, and because of the verdict being against evidence.
It appears that Joseph Marshall, father of the defendant, in 1758, held the premises by virtue of a lease from Thomas Fitch and John Raymond for 3 years, reserving one shilling annual rent. It did not appear that any rent had been paid or demanded. In 1774 Marshall died on the premises ; in 1775 Thomas Fitch died, one of the lessors, and his heir at law
Joseph Marshall died intestate, in 1774,when letters of administration were granted to his son.
A witness also declared, that after Joseph Marshall’s death, he was present at a vendue of the personal estate, when the auctioneer and the administrator, not in the defendant’s hearing, told him that the former had sold the possesson of the lot in question to the defendant. This witness was a brother and neighbour of the defendant, and has always supposed he held the said land by virtue of this sale. The defendant has been in possession since 1774, claiming the land as his own.
On this evidence, the chief justice charged the jury, that if they believed the defendant held under his father they should find for the plaintiff, which they did accordingly.
This direction and finding of the jury were both correct.
When a person enters under another, and transfers the possession, his grantee is supposed to hold under the same-title. Although the lease be expired, he will be regarded 1 as holding by-consent of the original landlord, and as his tenant at will; unless he can shew that, since the expiration of it, he has acquired a new title, either from, or paramount to that of the party under whom possession was *402 taken. Joseph Marshall, the father, it is admitted, held under Fitch. He, therefore, under this rule would not, Qn pj$. mere possession, be permitted to prevail against t]le tpie 0f one acknowledged by himself. The presumpthat he continued to hold under Fitch is a reasonable one, nor would it work any hardship to him, as it would not preclude him from shewing a better title, when he had continued in so lo long after the lease had expired. The possession, therefore, in 1774, when Josesph Marshall died, must be considered as that of Fitch. The next question relates to the proof of the present defendant holding under his father. The testimony was sufficient to go tef a jury, and we think they have drawn the proper- conclusion.
The defendant is not only his son, but the cotemporaneous declarations of the vendue master and administrator, although not in the hearing of the defendant, were, properly admitted, and unless the defendant produced some other title, would satisfy any reasonable mind that such was the case.
There can then be no adverse possession ; for until 1774, Joseph Marshall did not set up, for aught that appears, any title to that of Fitch, and since that time twenty years, deducting the period of the British war, have not elapsed. The rule, sherefore, for a new trial must be discharged with costs, and the plaintiffs have judgment.

 England v. Slade

 The case is exactly so.

See Stokes v. Berry, a Salk, 241.

 B. 3, C. 2, title ejectment

Doe v. Lawrence. *n this case the lessee who was the defendant, had paid rent to the plaintiff!