Bay, J.,
delivered the opinion of the court, approving the determination of the District Court. .
The decision of the District Court was as follows. If the certificate be examined, it will appear that the court in Georgia had no seal. The reason given by the clerk, for affixing his private seal to his certificate, is, because the court had no seal. I consider the private seal as surplusage, and that it does not vitiate the certificate. which would, without it, he good and sufficient. The senior presiding magistrate of the court certifies, according to the act of congress, that the attestation of the clerk is in due form. I consider the issue, made up by the parties in their pleadings, as an issue of law, to be decided by the court, upon inspection of the record and upon inspection of the tenor of the record, &c., I am of opinion that it is duly authenticated, and that the plaintiff is intitled to judgment. If the defendant had pleaded nil debet, by which the judgment would have been admitted, I should feel myself bound, by the determination in the case of Hammond and Hathaway v. Smith, to have permitted the defendant to have gone into an inquiry, as to the justice and propriety of the judgment; but not to question the fact, that such a judgment exists. It was determined, in the case of Hammond and Hathaway v. Smith, by a majority of judges sitting at Columbia, in April, 1802, that the plea of nul tiel record, is not a proper plea to an action of debt, on a' judgment rendered in another State. But in that case the plea was demurred to. In this case, issue is joined on the plea. The plaintiff, in the present .case, treats the plea as legal, admits its propriety, and takes issue *258 on the fact, whether there is such a judgment or not. I consider the plaintiff, as concluded by his own act, and that the only quest*on H whether there is such a record as is set forth in the declara-lion of the plaintiff, or not ? And this fact, in my opinion, must be trje(j the exemplification produced, which is matter of record, which is to prove itself, and is to be determined by the court upon inspection of it, according to the prayer of the plaintiff in his replication, and it is not a fact for the consideration of the jury. Upon inspection of the exemplification, it appears from the certificate of the clerk, accompanying it, that the court which rendered the judg. ment had no seal; wherefore, according to the act oí congress, it must be received as authentic, although without a seal. Although judgments of another State are, according to the decision in Hammond and Hathaway v. Smith, to be considered as foreign judgments, and may be opened for examination, notwithstanding the imperative injunction of the constitution, upon the plea of nil debet; which may be necessary in some cases, and which is thought by some to be a right intended to be reserved by the act of congress, since it declares, that due faith and credit shall be given to the judicial proceedings of the several States, when duly authenticated, but does not declare what effect such authenticated proceedings shall have, as it might have done under the authority of the constitution. See 1 Massach. T. R. 401. 1 Caines, 400. Yet, in this case, the defendant does not claim, as he might have done, to have the judgment opened, and its original merits investigated, but has chosen to put the case upon the issue, whether or not such a judgment exists ; and, therefore, the question is, in what manner shall the record be proved ? Whatever may be the rule of the common law, as to foreign judgments, and whatever difference of opinion may have existed among judicial characters, with respect to the true- construction of the act of congress, relative to the effect of judicial proceedings of other States, in the several States of the union; yet, I believe there is no difference of opinion as to the admissibility of such proceedings, if duly authenticated pursuant to the act of congress, and the degree of credit which shall be attached to them, as evidence of the fact of the existence of such proceedings, of record. The ground of difference in the construetion of the act of congress, does not arise from any doubt with respect to the existence of the certified proceedings, but whether, admitting that fact, they shall entitle the party claiming under them, to the absolute right which they were intended to give him; or whether it may not be shewn that the judgment was improperly oh- *259 tamed. Even in England, domestic judgments, if riot of the same court, are proved, by producing copies of them duly certified, which are transmitted, either by certiorari, or mittimus. The tenor of the record, certified and under seal, is considered, as the record itself; and is tried by inspection. It would be impossible, in many cases, to produce the original proceedings. The act of congress certainly puts the point out of dispute.
Note. In this case, it appeared that sundry payments had been made alter the judgment obtained. The courtrecommended to the plaintiff’s counsel to submit the payments to the jury, and let them find the balance, allowing Georgia' interest on the judgment, which was done.